**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.: 2:21-cv-00802-SPC-MRM**

ACUFLOOR, LLC,

      Plaintiff,

v.

EVENTILE,  INC.  and
FORPAC, LLC,

      Defendants.

_____/

### DEFENDANT EVENTILE, INC.'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant Eventile, Inc. ("Defendant" or "Eventile") hereby moves to dismiss Plaintiff Acufloor, LLC ("Plaintiff" or "Acufloor")'s "corrected" complaint (the "Complaint") against Eventile and, in the alternative, to the extent any claims survive, to order Acufloor to provide a more definite statement to separately identify actions and facts allegedly constituting infringement specifically by Eventile, as explained below.

**I.    CONCISE STATEMENT OF THE PRECISE RELIEF REQUESTED**

Defendant Eventile requests that each cause of action for patent infringement purportedly asserted by Plaintiff against Eventile, whether for direct

1

or indirect infringement, be dismissed pursuant to Rule 12(b)(6).

Further, if any cause of action asserted against Eventile survives this motion to dismiss, then Evntile requests that the Court order Acufloor to provide a more definite statement of the alleged facts for such surviving claim pursuant to Rule 12(e).

## II.    BRIEF STATEMENT OF THE BASIS FOR THE REQUEST

Plaintiff Acufloor filed a shotgun pleading against multiple defendants in which all of the claims incorporate the same set of facts by reference making it nearly impossible for Eventile to determine with any certainty which factual allegations give rise to which claims for relief.

Acufloor's shotgun pleading is aggravated by the fact that numerous conclusory allegations are alleged generally against "Defendants" without separately specifying which of the defendants are responsible for which acts or omissions.

Acufloor also fails to allege facts to support all of the elements of each cause of action and relies on conclusory boilerplate allegations for many of the elements. Acufloor fails to allege actual facts regarding the where, when, who, and why of its infringement claims as set forth in *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017).

For example, Acufloor does not allege any facts regarding when any acts

2

of purported infringement occurred, *i.e.*, whether any of the allegedly infringing conduct actually occurred during the respective terms for each of the patents-in-suit. *See Sundesa, LLC v. JH Studios, Inc.*, Case No. 8:19-cv-1809-T-36AAS, 2020 WL 4003127 at *5 (M.D. Fla., June 15, 2020)(dismissing cause of action for failure to allege that any infringement occurred during the term of the patent).

This is crucial because of how recent the asserted patents issued. There are various versions of the clip and wedge leveling systems, some of which were discontinued and were no longer being manufactured or sold prior to issuance of certain patents at issue. There could not have been infringement where the patents issued after an accused product was no longer being manufactured or sold. Eventile is not manufacturing, selling, or offering for sale any infringing products and Acufloor has not alleged any facts to plausibly show that specific accused products were manufactured or sold by Eventile after issuance of any asserted patents.

Further, Acufloor fails to allege facts to support any plausible claims of induced or contributory infringement. Acufloor does not allege facts plausibly showing Eventile knowingly induced infringement or specifically intended to encourage another's infringement. Acufloor did not plead facts that allow an inference that components sold or offered for sale have no substantial non-infringing uses. Indeed, the patents themselves, which Acufloor made part of the

3

Complaint, actually show non-infringing alternative uses within the patent that were not claimed. Moreover, Acufloor does not even allege that anything being sold or imported by Eventile is a "material part of the invention."

Acufloor has also failed to allege any facts to plausibly show any infringement, whether direct or indirect, of either of its design patents. Indeed, its own claim charts provided as part of the Complaint demonstrate as a matter of law that the products in the claim charts cannot infringe. For example, the design patent claims require, among other things, that an accused product include a flat surface area at the narrow end of the wedge to infringe. *See* Complaint, Exs. 5-6. The photos shown in Acufloor's claim chart indisputably show that the accused product does not have this flat surface, a key element of the design claims. *See* Complaint, Exs. 16-17. Where alleged facts in the Complaint demonstrate on the pleadings that an accused product does not include all of the elements of a patent claim, it is proper to dismiss the cause of action. *See, e.g., Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018)(was proper to dismiss claims of infringement based on disputed claim construction where claims could not plausibly be construed to include the accused product); *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2020 WL 4260616, at *5-7 (D. Del. July 23, 2020), report and recommendation adopted *sub nom. Uniloc 2017 LLC v. Zen Payroll, Inc.*, No. CV 19-1075-CFC/SRF, 2020 WL

4

5077416 (D. Del. Aug. 27, 2020)(dismissal proper where claim charts incorporated in complaint did not plausibly demonstrate infringement).

## III.   MEMORANDUM OF LAW IN SUPPORT OF MOTION

### A. Legal Standard

A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may state a plausible claim by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In the patent infringement context, the complaint must provide notice to the defendant as to how it supposedly infringed the asserted patent. *Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx. 934, 937 (Fed. Cir. 2015); *see also Progme Corp. v. Comcast Cable Commc'ns LLC*, No. 17-cv-1488, 2017 WL 5070723, at *6 (E.D. Pa. Nov. 3, 2017) (dismissing complaint because plaintiff failed to show that defendant had "any connection to the allegedly infringing instrumentalities").

To plead a claim for infringement, a plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013); *see also Sundesa*, 2020 WL 4003127 at \*4. The Federal Circuit has found a complaint sufficient under *Iqbal/Twombly* where the complaint identified "*where* the alleged infringement occurred . . . ; *when* it occurred . . . ; *who* performed the allegedly infringing act (an agent or employee . . .); and *why* . . . ." *Lifetime Indus.*, 869 F.3d at 1379 (emphasis added).

Under Eleventh Circuit precedent, "shotgun pleadings" are prohibited and must be dismissed, because they violate Rule 8(a) and or Rule 10(b) and fail to provide a defendant adequate notice of the claims against them. *Sundesa*, 2020 WL 4003127 at \*7, citing *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018). A shotgun pleading is an improper form of pleading because it demands sifting through the preceding allegations to determine which allegations are offered to support the cause of action. *Sundesa*, 2020 WL 4003127 at \*7.

**B. Acufloor's Complaint is a Shotgun Pleading that Fails to Provide Eventile Proper Notice of Allegations Against Eventile as Required**

6

**by *Iqbal/Twombly*, and violates Rule 8.**

Acufloor's Complaint contains ten (10) purported causes of action. Every one of the ten causes of action incorporates and relies on the same set of thirty-six allegations: "Acufloor realleges paragraphs 1-36 above as if fully set forth herein." See Complaint, ¶¶ 37, 47, 57, 64, 70, 80, 90, 97, 101, 109. (ECF No. 1) Further, the Complaint is replete with generic assertions regarding "Defendants" without specifically linking Eventile to numerous allegations. *See, e.g.,* Complaint, ¶¶ 4, 6, 50, 54-56, 58-63, 65-69, 83, 87-89, 91-96, 98-100. (ECF No. 1). This is classic shotgun pleading because it requires Eventile to sift through the preceding allegations to determine which allegations are offered to support the cause of action and because it asserts multiple claims against multiple defendants without specifying which of the specific defendants are responsible for which acts or omissions. *Sundesa*, 2020 WL 4003127 at *7; *Weiland*, 792 F.3d at 1321.  And while the Complaint contains numerous assertions directed to all "Defendants" collectively, it lacks factual allegations specifically linking Eventile to requisite elements of Acufloor's patent infringement causes of action, as detailed further in later sections of this motion.

This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court rejected in *Iqbal*. 556 U.S. at 678. Accordingly, the Complaint should be dismissed as against Eventile. In the

alternative, to the extent any of Acufloor's causes of action survive this motion to dismiss, Acufloor should be required to provide a more definite statement under Rule 12(e) to correct the deficiencies in the Complaint.

## C. Each of Acufloor's Causes of Action Should be Dismissed Because Acufloor Failed To Allege Facts Sufficient to Identify Acts of Infringement During the Term of the Asserted Patents

Acufloor alleges infringement of six different patents. See Complaint, Exs. 1-6. (ECF No. 1). Each of the patents issued within the past few years between November 6, 2018, and July 7, 2020. Id. at Exs. 1-6.

The '947 patent issued December 10, 2019, and thus any infringing conduct relating to the '947 patent would had to have occurred after December 10, 2019.

The '857 patent issued December 24, 2019, and thus any infringing conduct relating to the '857 patent would had to have occurred after December 24, 2019.

The '527 patent issued December 24, 2019, and thus any infringing conduct relating to the '527 patent would had to have occurred after December 24, 2019.

The '271 patent issued December July 7, 2020, and thus any infringing conduct relating to the '271 patent would had to have occurred after July 7, 2020.

8

The '274 patent issued December July 7, 2020, and thus any infringing conduct relating to the '274 patent would had to have occurred after July 7, 2020.

The '680 patent issued December November 6, 2018, and thus any infringing conduct relating to the '680 patent would had to have occurred after November 6, 2018.

Nowhere in the Complaint are any factual allegations that would plausibly show infringing conduct after the issuance of the above-asserted patents with respect to specific products alleged to have infringed each of the asserted patents. The Federal Circuit has found a complaint sufficient under *Iqbal/Twombly* where the complaint identified "*where* the alleged infringement occurred . . . ; *when* it occurred . . . ; *who* performed the allegedly infringing act (an agent or employee . . .); and *why* . . . ." *Lifetime Indus.*, 869 F.3d at 1379 (emphasis added).

Nowhere has Acufloor alleged "when" any infringing conduct occurred. As noted in *Sundesa,* 2020 WL 4003127 at *5, the Plaintiff must allege facts plausibly showing that the act of infringement occurred during the term of the patent. Acufloor has failed to do so with respect to any of the asserted patents or any of its causes of action. Accordingly, all of Acufloor's causes of action for patent infringement (both direct and indirect infringement) should be dismissed.

### D. Acufloor Failed To Allege Facts to Plausibly Show Causes of Action for Induced Infringement

Acufloor's causes of action for induced infringement of the '857 patent (Third Claim for Relief) and the '274 patent (Seventh Claim for Relief) should be dismissed for failure to allege facts to support plausible claims of indirect infringement.

"In order to succeed on a claim of induced infringement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (internal citations omitted). Inducement liability "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). "'For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer "specifically" intended [another party] to infringe [the patent] and knew that the [other party's] acts constituted infringement.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 Fed. Cir. 2017) (alterations in original and quoting *In re Bill of Lading and Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (2012)).

"[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 553 (Fed. Cir. 1990).

Acufloor has not alleged the requisite specific intent to induce infringement of any claim of the '857 patent or the '274 patent. Such intent cannot be inferred from the conclusory allegations set forth in paragraphs 58, 60, 91, or 93 of the Complaint. Acufloor has not alleged any facts from which the requisite intent can be inferred. Further, even the URLs cited in footnotes on pages 18-19 and 25-26 of the Complaint do not support the requisite intent or Acufloor's conclusory allegations, as they merely reference videos that were published prior to issuance of the patents before Eventile could have had knowledge of patents which did not yet exist. Acufloor does not allege any facts plausibly showing Eventile knowingly induced infringement or specifically intended to encourage another's infringement. Accordingly, Acufloor's claims for induced infringement against Eventile fail as a matter of law and should be

11

dismissed.

### E. Acufloor Failed To Allege Facts to Plausibly Show Causes of Action for Contributory Infringement

Acufloor's causes of action for contributory infringement of the '857 patent (Fourth Claim for Relief) and the '274 patent (Eight Claim for Relief) should be dismissed for failure to allege facts to support plausible claims of indirect infringement.

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especiallymade or adapted for use in infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)) (additional citation omitted). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that components sold or offered for sale have no substantial non-infringing uses." Id. (citations omitted). "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *Id.* at 1338.

Acufloor has not alleged any facts from which could be reasonably

12

inferred that Eventile had the requisite knowledge. All of Acufloor's allegations are conclusory. "Simply repeating the legal conclusion that Defendants…contributorily infringed does not plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx. 934, 938 (Fed Cir. July 21, 2015) (ellipsis added); *see also Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) ("Absent specific factual allegations that support a claim of bid-rigging, Bricktown, Inc.'s use of antitrust buzz-words and parroting of general antitrust theories is insufficient to support a Sherman Act violation.").

Further, Acufloor did not plead facts that allow an inference that components sold or offered for sale have no substantial non-infringing uses. Indeed, the patents themselves, which Acufloor made part of the Complaint, actually show non-infringing alternative uses within the patent that were not claimed. For example, Fig. 3 of the '857 patent shows a non-infringing alternative that was not claimed in the '857 patent. Moreover, Acufloor does not even allege that anything being sold or imported by Eventile is a "material part of the invention." Accordingly, Acufloor's causes for action for contributory infringement should be dismissed. *Sundesa,* 2020 WL 4003127 at *5-*7.

13

**F. Acufloor Failed To Allege Facts to Demonstrate a Plausible Claim for any Infringement of its Design Patents; thus all of Acufloor's Causes of Action for Infringement of Acufloor's Design Patents Should be Dismissed**

Acufloor failed to allege facts sufficient to show a plausible claim of either direct or indirect infringement of either of its design patents. In fact, Acufloor's own claim charts incorporated into the Complaint show that the accused products do not and cannot infringe either of Acufloor's asserted design patents. The claim limitations of the asserted design patents do not read on the accused products as clearly shown in Exhibits 16-17 of the Complaint. (ECF Nos. 1-16 and 1-17).

Under *Egyptian Goddess, Inc. v. Swisa, Inc.*, the test for determining whether a design patent has been infringed is the ordinary observer test. Under this test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one supposing it to be the other, the first one patented is infringed by the other." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008). However, in *Lanard Toys, Ltd. v. Dolgencorp LLC*, the Federal Circuit clarified that the ordinary observer test should consider element-by-element distinctions between the patented design and the prior art, and between the patented design

14

and the accused product. *Lanard Toys Limited v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020).

The claims of a design patent are defined by the drawings and limited by the language of the design patent. *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1336, 1339-43 (Fed. Cir. 2019)(the claim language limits the scope of the claimed design).

Each of Acufloor's design patents (the '680 patent and the '527 patent) shown at Exhibits 5 and 6 of the Complaint, are defined by the solid lines in the drawings.  The claim language for the '680 patent expressly states: "The broken lines in the drawings illustrate portions of the wedge for tile installation device and form no part of the claimed design." Complaint Exhibit 5.  The claim language for the '527 patent expressly states: "The dashed and dotted lines in the drawings illustrate portions of the wedge for tile installation device that form no part of the claimed design." Complaint Exhibit 6.

Notably, based on the claimed drawings and above express limitations, the claim for each of the '680 patent and the '527 patent requires a flat planar area without any ridges near the tip of the wedge, as shown in the claim drawings. Further, the claim for each of the '680 patent and the '527 patent requires sharp 90 degree corner edges at the thicker end of the wedge. The wedge product Acufloor accuses of infringing the '680 patent and the '527 patent indisputably

15

has neither of these elements as clearly shown in Acufloor's own claim charts filed with the Complaint. See Complaint, Exhibits 16-17 (ECF Nos. 1-16 and 1-17).

Where alleged facts in the Complaint demonstrate on the pleadings that an accused product does not include all of the elements of a patent claim, it is proper to dismiss the cause of action. *See, e.g., Ottah*, 884 F.3d at 1141-42 (was proper to dismiss claims of infringement based on disputed claim construction where claims could not plausibly be construed to include the accused product). This is true even where a complaint includes an claim infringement chart, if the chart does not plausibly show infringement. *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2020 WL 4260616, at *5-7 (D. Del. July 23, 2020), report and recommendation adopted *sub nom. Uniloc 2017 LLC v. Zen Payroll, Inc.*, No. CV 19-1075-CFC/SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020)(dismissal proper where claim charts incorporated in complaint did not plausibly demonstrate infringement).

Accordingly, each of Acufloor's causes of action for infringement of the '680 patent and the '527 patent should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Eventile respectfully requests that the Court dismiss each and every claim of the Complaint against Eventile. Alternatively,

to the extent that any claims survive this motion to dismiss, Eventile respectfully request that the Court order Acufloor to provide a more definite statement regarding such claim pursuant to Rule 12(e).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g)(2), counsel for Defendant Eventile, Inc. certifies that he conferred in good faith with counsel for Plaintiff Acufloor, LLC regarding the relief sought in this motion and Plaintiff opposes the relief sought herein. Counsel for Eventile sent an email to counel for Acufloor on January 18, 2022 regarding the requested relief and then participated in a meet and confer phone call with counsel for Acufloor later that day (January 18, 2022) and discussed the requested relief and the parties respective positions. The parties were not able to reach an agreement regarding the requested relief.

_/s/ Perry S. Clegg_
Perry S. Clegg


Date: January 20, 2022                    Respectfully submitted,

_/s/ Perry S. Clegg_

Joshua D. Martin
Florida Bar No. 28100
josh.martin@johnsonmartinlaw.com
**JOHNSON & MARTIN, P.A.**
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, FL 33309
T: (954) 790-6700

17

Perry S. Clegg
Admitted *Pro Hac Vice*
*Lead Counsel*
perry.clegg@johnsonmartinlaw.com
**JOHNSON & MARTIN, P.A.**
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
T: (801) 783-3200

*Attorneys for Defendant Eventile, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 20, 2022 via CM/ECF or in the manner specified below on all parties of record on the Service List below.

/s/ Joshua D. Martin
Joshua D. Martin

## SERVICE LIST

John N. Muratides
Florida Bar No.332615
jmuratides@stearnsweaver.com
lwade@stearnsweaver.com
Stearns Weaver Miller Weissler Alhadeff & Sitterson,
P.A. 401 E. Jackson Street, Suite 2100
(33602)
Post Office Box 3299
Tampa, Florida 33601
Telephone: (813) 223-4800
Facsimile: (813) 222-5089

John R. Emerson
Russ.emerson@haynesboone.com
*Lead Counsel*
Tiffany M. Cooke

18

Tiffany.cooke@haynesboon.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000
Via Email

*Attorneys for Acufloor, LLC*

Oliver Alan Ruiz
*Lead Counsel*
Florida Bar No. 524,786
oruiz@malloylaw.com
W. John Eagan
Florida Bar No. 105,101
johneagan@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. 3rd Avenue
Miami, FL 33129
T: (305) 858-8000

*Attorneys for Defendant Forpac, LLC*

19