## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ACUFLOOR, LLC,

        Plaintiff,

v.

EVENTILE, INC. and FORPAC, LLC,

        Defendants.

Civil Action No.: 2:21-cv-00802-SPC-MRM

## <u>ORDER</u>

Before the Court is the parties' Joint Motion for Entry of Stipulated Final Judgment and Joint Stipulation of Dismissal (Doc. 108).  Plaintiff Acufloor, LLC and Defendants EvenTile, Inc. and FORPAC, LLC (the "Parties") have asked the Court to enter a Stipulated Final Judgment and establish the ongoing rights of the parties with respect to the claims and counterclaims asserted in this case.  To ensure compliance with the rules governing entry of judgments, the Court adopts the parties' stipulations—reproduced verbatim below—and directs the Clerk to enter judgment in a separate document.  *See* Fed. R. Civ. P. 58; *see also Nat. Cas. Co. v. Ga. Sch. Bd. Assoc.-Risk Mgmt. Fund*, No. 19-14729, 2022 WL 2131842, at *7 (11th Cir. June 14, 2022).

A.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the patent laws of the

United States, 35 U.S.C. § 1, et seq. Venue is proper in this District under § 28 U.S.C. §§ 1391(b)–(c) and 1400.

B.     The Court has personal jurisdiction over the Parties.

C.     On October 29, 2021, Acufloor filed a Complaint against EvenTile and FORPAC alleging that it is the owner of all right, title and interest in and to United States Patent Nos. 10,501,947 ("the '947 Patent"), 10,513,857 ("the '857 Patent"), 10,704,271 ("the '271 Patent"), 10,704,274 ("the '274 Patent") and U.S. Design Patent Nos. D832,680 ("the '680 Design Patent") and D870,527 ("the '527 Design Patent") (collectively, "Asserted Patents").

D.     Acufloor has further alleged that EvenTile has been engaged in importing, marketing, offering for sale, and/or selling leveling spacers and clip systems, for example, under the name(s) "EvenTile Leveling System Spacer Clips," "EvenTile Tile Leveling System Clips Spacers," "EvenTile Universal Wedges" and/ or "EvenTile Tile Leveling System Spacer Wedge Universal Size," which include a clip member and a wedge device (collectively, the "EvenTile System"), including as shown below:





E.    Acufloor has also alleged that FORPAC has been engaged in manufacturing, marketing, offering for sale, and/or selling a leveling spacers and clip system under the name "FORPAC Spacer Clip" and "FORPAC Wedge," which include a clip member and a wedge device (collectively, the "FORPAC System," and together with the EvenTile System, the "Accused Systems") as shown below:



F.    The asserted claims of the '947 Patent and '271 Patent require that the claimed wedge device comprise "a line-of-sight opening extending along the longitudinal axis."  The Court also construed the design claimed by the D'527

Patent to include the shape of a "vertical opening as shown in Figs. 3-4." Dkt. 101 at p.18.

G.     EvenTile has represented that the version of its wedge device containing a vertical opening extending through the body of the wedge (as shown in the last two photos of Paragraph D above) was discontinued very early in 2019, and at least before the '947, '271, and D'527 Patents issued, and that EvenTile does not currently sell, offer for sale, and/or distribute the wedge device with a vertical opening extending through the body of the wedge.

H.     On November 21, 2022, the Court issued a Claim Construction Order (Dkt. 101) construing the "term 'edge,' when used in the phrases 'edge-to-subfloor contact' and 'edge-to-mortar-to-subfloor contact,' to mean 'the line at which a surface of a tile terminates.'" Dkt. 101 at p. 6. Acufloor disputes this construction and reserves all rights to challenge the Court's ruling on appeal.

I.     Under the Court's ordered construction of "edge," the Accused Systems do not meet the limitations requiring "tile edge-to-mortar-to subfloor contact" in asserted Claims 1 and 5 of the '274 Patent or "edge-to-subfloor contact" in asserted Claims 1 and 10 of the '857 Patent because when the Accused Systems are in use, "the line at which the surface of the tile terminates" lies over the base of the clip of the Accused Systems.

J.     The Claim Construction Order construed the phrase    "the combination of the first notch and the second notch providing a majority of an

area of tile-to-mortar-to-subfloor contact for the tile leveling device within the bounds of the base" that appears in asserted Claims 1, 5 and 8 of the '274 Patent "to mean 'the notches in the base collectively span an area that is larger than the solid portions of the base.'" Dkt. 101 at p. 9. Acufloor disputes the Court's construction of this claim term and reserves all rights to challenge the construction on appeal.

K.    The Accused Systems do not meet the limitation of the claims of the '274 Patent reciting "the combination of the first notch and the second notch providing a majority of an area of tile-to-mortar-to-subfloor contact for the tile leveling device within the bounds of the base" under the Court's construction because the notches in the Accused Systems do not span an area larger than the solid portions of the base.

L.    The Court construed the D'680 Patent as follows: "The ornamental design for a wedge-shaped device (Fig. 1) with a rectangular bottom surface (Fig. 4), right angles where the bottom surface meets the front and back surfaces (Fig. 2), a top surface sloped downward from back to front at the angle shown in Fig. 2, and smooth areas on the front and back ends of the top surface having the sizes and shapes shown in Figs. 1, 2, and 3. The wedge has a vertical opening as shown in Fig. 4. The existence of the opening is not part of the protected design, but the shape of the opening is. The rectangular backstop at the rear of the wedge and the teeth along the top surface—both of which are

depicted in the figures with broken lines—are not part of the protected design." Dkt. 101 at p. 17.  Under the Court's construction, the Accused Systems do not infringe the D'680 Patent under the ordinary-observer test.  Acufloor disputes the Court's construction and reserves all rights to challenge the construction on appeal.

M.    In light of these facts, the Parties have stipulated that, under the Court's claim construction, the Accused Systems have not, do not, and cannot infringe the Asserted Patents.

N.    Defendants further stipulate to the dismissal of all counterclaims for invalidity without prejudice to reasserting such claims in the event of a reversal or remand of any part of this Stipulated Judgment. Defendants expressly reserve all rights to assert on reversal or remand any defenses, counterclaims, or non-infringement arguments, including those that are not the subject of appeal. Plaintiff has stipulated that Defendants shall not be required or ordered to pay the costs of this action before reasserting such claims, nor will Plaintiff oppose Defendants' efforts to reassert such claims.

O.    The parties intend to preserve the *status quo* on all other issues, in the event an appeal results in reversal or remand for further proceedings in this Court. Following any reversal or remand, the parties will meet and confer to establish a new case schedule and jointly move for a new Case Management Order for further proceedings.

The Parties, by and through their attorneys, having consented to the entry of Final Judgment without trial or adjudication of any issue of fact or of any issue of law, except as expressly provided herein or as otherwise set forth in the Court's Claim Construction Order, and without this Order constituting any evidence against or an admission by the Defendants with respect to any such issues.

**ACCORDINGLY**, **IT IS ORDERED:**

1. The Clerk is **DIRECTED** to enter judgment as follows:

   a. Final Judgment of Non-Infringement of all Asserted Patents for Defendant EvenTile, Inc. and against Plaintiff Acufloor, LLC on all claims asserted by Acufloor against EvenTile;

   b. Final Judgment of Non-Infringement of the '857 Patent and the '274 Patent for Defendant FORPAC, LLC and against Plaintiff Acufloor, LLC on all claims asserted by Acufloor against FORPAC;

2. All other claims, counterclaims, defenses, and other relief sought which have been asserted in this litigation not expressly granted herein (except for any claim(s) or motion(s) relating to an "exceptional case" determination pursuant to 35 U.S.C. § 285 or other bases for the award of attorneys' fees and/or costs, the timing

of which is governed by Fed. R. Civ. P. 54(d)(1) and (2), and Fed. R. Civ. P. 58(e) are hereby DISMISSED WITHOUT PREJUDICE.

3. This Court retains jurisdiction regarding sanctions and/or entitlement to attorneys' fees, including to adjudicate timely filed motions for sanctions and/or entitlement to attorneys' fees and the amount to be awarded, assuming there is entitlement to same.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the file.

**DONE** and **ORDERED** in in Fort Myers, Florida, on April 11, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record