UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACUFLOOR, LLC,

      Plaintiff,

  v.

      Case No. 2:21-cv-802-SPC-KCD

EVENTILE, INC., and FORPAC, LLC,

      Defendants.
_____/

# ORDER

In this patent case, Defendants move for fees under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285, and the Court's inherent authority. (Docs. 125, 126.)[1] Whether to award fees under any of these authorities is a matter of discretion. *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (Rule 11 sanctions rest in Court's discretion); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012) (§ 285 fees); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (inherent authority). In addition, both Rule 11 and § 285 require a "prevailing party" to trigger relief. To be a prevailing party, the movant must have received relief that resulted in a "judicially sanctioned change in the legal relationship of the parties." *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033 (Fed. Cir. 2006).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

But no such relief seems to have been ordered here. The Federal Circuit vacated the previous judgment of non-infringement and remanded the case for further proceedings. (Docs. 129, 130.)

In any event, exercising its discretion, the Court declines to decide the issue of fees at this time. The rest of the litigation could inform its analysis as to whether, and possibly how much, fees are warranted. Judicial economy is better served by denying the motions without prejudice to be refiled once the case concludes. *See Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) ("It is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation."); *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper.").

Finally, the Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). With the case still ongoing, any fight concerning fees at this time would be distracting from the merits and not in the Court's interest to resolve disputes in the most efficient and just manner. For these reasons,

the Motions for Fees and Sanctions (Docs. 125, 126) are **DENIED WITHOUT PREJUDICE**. Defendants can re-file their motions at the conclusion of these proceedings, if appropriate.

**ORDERED** in Fort Myers, Florida on August 18, 2025.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge